IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**TODD GLENN DEAN,**

        **Plaintiff,**

v.                                                    Civil Action No.  5:19cv14
                                                           (Judge Stamp)

**F. ENTZEL, Warden;
CHAPLAIN MARIA;
CHAPLAIN FUENTES;
CHAPLAIN SUPERVISORY CHAPLIN;
UNKNOWN AGENT,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On February 7, 2019, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants.  In addition, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.   This case is before the undersigned for an initial review and report and recommendation.

### I.  The Complaint

In the complaint, Plaintiff alleges that he was discriminated against by the chaplain at FCI Hazelton because he is black. It appears that after a three-week tryout, he was hired permanently to be the clerk in the chaplain's library. The Plaintiff alleges that Chaplain Maria treated the white inmate clerk better than he. He further alleges that Chaplain Maria fired himself and a white inmate and less than one week later gave the white inmate back his job. The Plaintiff alleges emotional distress because he suffers from sleeplessness, anxiety, marital problems, humiliation and loss of pay for being fired

for no reason. For relief, he seeks $1,000,000 in damages.

## II.  Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e)(a).  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available.  Booth at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirements serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons;" (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and (3) "to reduce the quantity and improve the quality of prisoner suits." Therefore, the PLRA exhaustion requires full and proper exhaustion. Woodford, at 92-94. Full and proper exhaustion includes meeting all

---

[1] Id.

the time and procedural requirements of the prison grievance system. Id. At 1101-02.

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. For inmates confined at FCI Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, the Plaintiff admits that he only filed a BP-9 because "the [prisoner] litigation reform act does not require an inmate to plead and demonstrate complete exhaustion of administrative alternatives to a law suit before filing suit. ECF. No. 1 at 4. Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate. See Anderson, 407 F.3d at 682.

### III.  RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE for the failure to exhaust.** It is further recommended that the plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2) and Motion to Appoint Counsel [ECF No. 7] be **DENIED AS MOOT**.

The Plaintiff shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United State v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the

Magistrate Judge association with this case.

 IT IS SO ORDERED.

 DATED: April 12, 2019

           */s James P. Mazzone*
           JAMES P. MAZZONE
           UNITED STATES MAGISTRATE JUDGE