IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TODD GLENN DEAN,

    Plaintiff,

v.                                        Civil Action No. 5:19CV14
                                                                 (STAMP)

F. ENTZEL, Warden,
CHAPLAIN MARIA,
CHAPLAIN FUENTES,
CHAPLAIN SUPERVISORY CHAPLAIN,
and UNKNOWN AGENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PLAINTIFF'S OBJECTIONS
AND DISMISSING CASE WITHOUT PREJUDICE**

I. Background

The pro se[1] plaintiff, Todd Glenn Dean, an inmate housed at FCI Hazelton, filed this civil action asserting a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 1. In his complaint, the plaintiff alleges he was denied "equal protection by municipal entity or any other person acting under color of Federal Law." Id. at 3. Specifically, the plaintiff alleges that he was discriminated against because he is black. Id. at 7-8. The plaintiff claims that while working as a clerk in the chaplain's library, Chaplain Maria treated the white

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

inmate clerk better than she treated him.  Id.  The plaintiff further alleges that Chaplain Maria fired him and the white inmate clerk over a disagreement, but then hired the white clerk back just one week later.  Id.  The plaintiff admitted that he did not exhaust his administrative remedies, stating that "the prisoners litigation reform act does not require an inmate to plead and demonstrate complete exhaustion of administrative alternatives to a law suit before filing suit."  Id. at 4.  The plaintiff seeks "damages for emotional distress because plaintiff suffers sleeplessness, anxiety, stress, marital problems, humiliation, and loss of pay for being fired for no reason."  Id. at 9.  For relief, the plaintiff seeks $1,000,000.00 in damages.[2]  Id.

On the same day, the plaintiff filed a motion for leave to proceed in forma pauperis (ECF No. 2) and he later filed a motion to appoint counsel (ECF No. 7).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James P. Mazzone.  The magistrate judge recommended that "Plaintiff's complaint be dismissed without prejudice for failure to exhaust."  ECF No. 8 at 4.  The magistrate judge further recommended that the plaintiff's motion for leave to

---

[2]The plaintiff seeks $1,000,000.00 in damages in his original complaint (ECF No. 1), but appears to seek $100,000.00 in later submissions to this Court (ECF Nos. 10 and 17).

proceed in forma pauperis (ECF No. 2) and his motion to appoint counsel (ECF No. 7) be denied as moot. Id.

The plaintiff then filed a motion titled as "Motion for Objection and Subjection."[3] ECF No. 10. In that motion, the plaintiff states that he should have been granted in forma pauperis status. Id. at 1. The plaintiff asserts that he is entitled to a liberal construction of his pleading, and he then lists the injuries that have resulted due to the actions alleged in his complaint. Id. at 1-2. This motion also contained a request for further relief, in which the plaintiff requested "an injunction compelling defendants to provide or adopt a new policy or custom on misconduct and behavior and discrimination and retraining along with $100,000 in compensatory money damages." Id. at 2. Additionally, the plaintiff contends that his claim was misunderstood in the report and recommendation and that "the complaint should have been read to raise Bivens claims and Federal Tort Claims Act (FTCA) claims." Id. The plaintiff further asserts that "[b]ecause the court may [have] mistakenly dismissed [sic] plaintiff['s] claim base[d] on the (FTCA) administrative exhaustion and repleading a cognizable (FTCA) claim [he] should hereby be granted (90) days from the date of this order to file a[n] amended complaint alleging a cognizable Bivens Fourteenth Amendment of

---

[3]This Court construes the assertions in plaintiff's "Motion for Objection and Subjection" (ECF No. 10) as objections to the magistrate judge's report and recommendation (ECF No. 8).

3

deliberate indifference claim and that he be allowed to exhaust [sic] the rest of his administrative remedies under 28 § 2675(A) and [to] notify the Court that he has begun the second part of the administrative remedy." Id. at 3.

The plaintiff then filed what is docketed as an amended complaint. ECF No. 11. In that document, the plaintiff asks the Court "to stop any kind of retaliation that [he] may be facing. [He is] in great fear of being transfer[red] from [ ] Hazelton[,] [j]ust because of [the] administrative remedy appeal and the law-suit that [he] filed." Id. at 1-2. He indicates that he has a "medical hold" that prevents him from being transferred. Id. at 2. The plaintiff also asks this Court to ensure he remains at FCI Hazelton in order to stay close to his family in Pittsburgh. Id. at 1.

The plaintiff has also filed two motions for an extension of time to file a response to the magistrate judge's report and recommendation. ECF Nos. 9 and 12. This Court then granted as framed the plaintiff's second motion for an extension of time to file objections to the magistrate judge's report and recommendation and denied as moot plaintiff's first motion for an extension of time to file objections to the magistrate judge's report and recommendation. ECF No. 13. Specifically, this Court ordered the plaintiff to file any objections on or before August 14, 2019. Id. at 2.

The plaintiff then filed what is titled as a "Motion for Objection."[4] ECF No. 17. In that motion, the plaintiff reiterates many of the same assertions made in his "Motion for Objection and Subjection" (ECF No. 10). In this motion he requests that this Court "allow this case to move forward, because the staff [ ] at F.C.I. Hazelton will not provide [him] with [ ] (memo) as it's been stated in [his] rejection notices from (central office) that would clearly be admitting the wrong, it also state that [he] should re-submit it back to the level of the original rejection, which would be back to the regional appeal on the (B-P-10) See Exhibit # A-2[] of the rejection form, and now the same reason's of rejection from (central office), as well this is just a run-round or a delayed and denial tacked because staff will not give or provide [him] with such (memo). . ." Id. at 2.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge (ECF No. 8) should be adopted in its entirety.

II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed

---

[4]Like the assertions in the plaintiff's "Motion for Objection and Subjection" (ECF No. 10), this Court construes the plaintiff's assertions in his "Motion for Objection" (ECF No. 17) as additional objections to the magistrate judge's report and recommendation (ECF No. 8).

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the plaintiff objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

In reviewing the record, the report and recommendation, and the plaintiff's objections, this Court finds that the objections are without merit.

In the report and recommendation, the magistrate judge correctly determined that the plaintiff had not exhausted his administrative remedies, a requirement for a prisoner to file suit. Id. at 5. The magistrate judge concluded that "the failure to exhaust is clear on the face of the complaint and the sua `sponte dismissal of this action is appropriate." Id. at 6.

As to the plaintiff's general requests for "an injunction compelling defendants to provide or adopt a new policy or custom on misconduct and behavior and discrimination and retraining along with $100,000 in compensatory money damages" (ECF No. 10 at 2; ECF No. 17 at 2), this Court finds that because the plaintiff has failed to exhaust his remedies, it is premature to consider granting such relief. Moreover, this Court further finds that it is premature to consider the plaintiff's request for this Court "to

6

stop any kind of retaliation that [he] may be facing." (ECF No. 11 at 1-2). As stated above, the plaintiff must first exhaust his remedies. Further, there is no evidence that the plaintiff has been transferred to another location. Indeed, in the plaintiff's recent filing (ECF No. 17), his assertions relate to actions allegedly taken at FCI Hazelton. See ECF No. 17 at 2.

After conducting an appropriate de novo review of the plaintiff's objections to the report and recommendation, this Court upholds the magistrate judge's report and recommendation and overrules the plaintiff's objections.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 8) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, and the motions to proceed in forma pauperis (ECF No. 2) and motion to appoint counsel (ECF No. 7) are DENIED AS MOOT. Plaintiff's objections (ECF Nos. 10 and 17) are OVERRULED. Moreover, the plaintiff's amended complaint (ECF No. 11) is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

7

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 15, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE